UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:20-cv-21457-KMW

ANTHONY SWAIN, et al.,

    Plaintiffs,

v.

DANIEL JUNIOR, et al.,

    Defendants.

_____/

## ORDER GRANTING IN PART PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion for Temporary Restraining Order (DE 3). Defendants oppose the motion. To obtain either a temporary injunction or a preliminary injunction, a party must demonstrate that: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016). Based on the Court's review of the record, relevant case law, and the Parties' representations during the telephonic status conferences held April 6, 2020 and April 7, 2020, Plaintiffs have met that standard.

Accordingly, after consultation with the Parties, and for the reasons cited at the telephonic status conferences held April 6, 2020 and April 7, 2020 with all Parties present, it is **ORDERED and ADJUDGED** that Plaintiffs' Motion for Temporary Restraining Order (DE 3) is **GRANTED IN PART** as follows:

1

1.  It is **ORDERED** that by **April 9, 2020**, Defendants shall file under seal a list of all individuals who are currently detained at Metro West Detention Facility and who meet any of the criteria in paragraph three. This list shall be filed under seal to protect the confidential health information of those individuals and shall remain under seal pending further order by this Court.

2.  It is further **ORDERED** that by **April 9, 2020**, Defendants shall file a notice describing the particular measures being employed to protect these individuals from the risk of COVID-19.[1]

3.  The list of individuals shall include all of those currently detained at Metro West Detention Facility who meet any of the following criteria:

    - Are 60 years of age or older;

    - Have chronic respiratory disease, including lung disease, moderate to severe asthma, or chronic obstructive pulmonary disease (e.g. bronchitis or emphysema);

    - Have heart disease, such as congenital heart disease, congestive heart failure, or coronary artery disease;

    - Have chronic liver or kidney disease (including hepatitis and conditions requiring dialysis);

    - Have diabetes;

    - Have epilepsy;

    - Have diagnosed hypertension;

---

1 One of the lists required under Paragraph 1 or 2 shall be filed with the Court by **6:00 PM on April 9, 2020** and the other shall be filed by **midnight on April 9, 2020**.

- Have a compromised immune system (such as from cancer, HIV, receipt of an organ or bone marrow transplant, as a side effect of medication, or other autoimmune disease);
- Have sickle cell disease; and/or
- Are or have been pregnant within the last two weeks.

4. It is further **ORDERED** that Defendants shall take the following actions at the Metro West Detention Center:

- Effectively communicate to all people incarcerated at Metro West Detention Center, including low-literacy and non-English-speaking people, sufficient information about COVID-19, measures taken to reduce the risk of transmission, and any changes in policies or practices to reasonably ensure that individuals are able to take precautions to prevent infection;
- To the maximum extent possible considering Metro West Detention Center's current population level, provide adequate spacing of six feet or more between people incarcerated at Metro West so that social distancing can be accomplished;
- Ensure that each incarcerated person receives, free of charge: (1) an individual supply of soap, preferably liquid as recommended by the CDC, sufficient to allow frequent hand washing each day, (2) hand drying machines, or disposable paper towels as recommended by the CDC, and individual towels, sufficient for daily use (3) an adequate supply of disinfectant products effective against the virus that causes COVID-19 for daily cleanings; and (4) an adequate supply of toilet paper sufficient for daily

use;

- Provide reasonable access to showers and to clean laundry;

- Require that all MDCR staff wear personal protective equipment, including masks, and gloves when physically interacting with any person and require that, absent extraordinary or unusual circumstances, a new pair of gloves is worn each time MDCR staff touch a different person; and require all inmate workers who are cleaning facilities or preparing food to follow this same protocol;

- Require that all MDCR staff regularly wash their hands with soap and water or use hand sanitizer containing at least 60% alcohol;

- Ensure access to proper testing for anyone displaying known symptoms of COVID-19 in accordance with CDC guidelines;

- Ensure that individuals identified as having COVID-19 or having been exposed to COVID-19 receive adequate medical care and are properly quarantined, with continued access to showers, mental health services, phone calling with family, and communications with counsel; individuals identified as having COVID-19 or having been exposed to COVID-19 shall not be placed in cells normally used for disciplinary confinement absent emergency circumstances;

- Respond to all emergency (as defined by the medical community) requests for medical attention as soon as possible;

- Provide sufficient disinfecting supplies consistent with CDC recommendations in each housing unit, free of charge, so incarcerated

   people can clean high-touch areas or any other items in the unit between each use;

- Waive all medical co-pays for those experiencing COVID-19-related symptoms; and

- Waive all charges for medical grievances during this health crisis.

  5. This Temporary Order is valid for a limited period of 14 days or until further order of this Court, or until Defendants demonstrate that they have substantially complied with this Order. The Court's ruling is subject to change based on a more fully developed record at preliminary injunction proceedings.

  6. For purposes of this Order, the Court accepted the allegations in the Complaint and its attachments as true without briefing or evidentiary submissions by Defendants; this Order does not make a finding of wrongdoing on the part of any defendant and no defendant has waived any defenses to this action.

  7. If Defendants have not yet been served in accordance with Federal Rule of Civil Procedure 4, Plaintiffs shall immediately provide a copy of this Order to Defendants.

  8. A telephonic hearing on Plaintiff's Emergency Motion (DE 3) for Preliminary Injunction is **SET** for **April 21, 2020 at 1:00 PM**.

  9. Defendants shall file a response (not exceeding 35 pages) to Plaintiff's Emergency Motion (DE 3) by **April 16, 2020 at 5:00 p.m.** Defendants need not file responses to any other pleading or motions until further order of the Court. Plaintiffs may file a reply by **April 20, 2020 at 12:00 p.m.**

**DONE AND ORDERED** in chambers in Miami, Florida, this <u>7th</u> day of April, 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE