**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ANTHONY SWAIN, et al., individually and
on behalf of all others similarly situated,

    Plaintiffs,

        v.

DANIEL JUNIOR, in his official capacity as
Director of the Miami-Dade Corrections and
Rehabilitation Department, et al.,

    Defendants.
_____/

**Case No.: 1:20-cv-21457-KMW**

## PLAINTIFFS' MOTION TO DECLARE RIGHTS OF PLAINTIFFS' COUNSEL TO COMMUNICATE WITH PUTATIVE CLASS MEMBERS, AND FOR PROTECTIVE ORDER AND MEMORADUM OF LAW IN SUPPORT

Plaintiffs, by and through the undersigned counsel, file this Motion to Declare the Rights of Plaintiffs' Counsel to Communicate With Putative Class Members, and for Protective Order and Memorandum of Law in Support ("Motion''), and state the following:

### I.   BACKGROUND

On April 4, 2020, Plaintiffs filed their Class Action Complaint [ECF No. 1] (the "Complaint"), seeking declaratory and injunctive relief for violations of the Eighth and Fourteenth Amendments arising out of Plaintiffs' conditions of confinement at the Metro West Detention Center ("Metro West") which subjects them to an increased risk of contracting COVID-19. As set forth in the Complaint, Plaintiffs seek to represent all current and future persons detained at Metro West during the course of the COVID-19 pandemic (the "Metro West Class"), and all persons in pretrial custody at Metro West who, by reason of age or medical condition, are particularly

1

vulnerable to injury or death if they were to contract COVID-19 (the "Medically-Vulnerable Subclass") (collectively, "the Putative Class").

Defendants have taken the position that Plaintiffs cannot communicate with the Putative Class prior to class certification because they are represented by counsel in their criminal cases. As set forth more fully below, Defendants are wrong because it is well established that class counsel may communicate with putative class members prior to class certification concerning a subject matter other than the matter for which they are currently being represented. Plaintiffs file this Motion seeking a declaration from the Court that Plaintiffs' counsel may communicate with the Putative Class.

Moreover, because members of the Putative Class have been contacting Plaintiffs' investigators in connection with this litigation, and because officials at Metro West record all communications from the facility, on April 14th and 15th, 2020, Plaintiffs' counsel reached out to Defendants' counsel to request that the communications between Plaintiffs' investigators and the Putative Class not be recorded and that said investigators be placed on the "do-not-record" list. Defendants, through their counsel, stated that while communications between the named Plaintiffs and their counsel would not be recorded, Defendants were not agreeing not to record communications with the members of the Putative Class. Consequently, Plaintiffs file this Motion seeking a protective order against recording of conversations between Plaintiffs' investigators and members of the Putative Class.

**II.  ARGUMENT**

>    PLAINTIFFS ARE ENTITLED TO HAVE THIS COURT DECLARE THAT PLAINTIFFS' COUNSEL MAY COMMUNICATE WITH THE PUTATIVE CLASS.
>
>    A. <u>Plaintiffs' counsel have a right to communicate with putative class members prior to class certification.</u>

2

It is well established that Plaintiffs' counsel have a right to communicate with putative class members prior to class certification. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99-102 (1981); *Agerbrink v. Model Serv. LLC*, No. 14 Civ. 7841, 2015 WL 6473005, at *3 (S.D.N.Y. Oct. 27, 2015) ("[T]here is nothing inherently improper about a party's communication with potential class members prior to certification."), *vacated sub nom. Agerbrink v. MSA Models*, No. 14 CIV 7841, 2017 WL 4876221 (S.D.N.Y. May 23, 2017) (vacating restriction on communications with putative class members following withdrawal of class allegations); *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 759 (7th Cir. 2000)("The plaintiffs have a right to contact members of the putative class[.]"); *E.E.O.C. v. Mitsubishi Motor Mfg. of Am., Inc.*, 102 F.3d 869, 870 (7th Cir. 1996) (Parties have a "right" to communicate with class members.). Communication with putative class members is vital to obtain information and adequately represent the legal rights of the class. "[A]bsent a finding based on evidence that counsel engaged in or are likely to engage in abusive tactics, there is no adequate basis for imposing a prior restraint on counsels' speech by prohibiting contact with putative class members." *Wells v. Volf*, 4:04CV3184, 2005 WL 8176325, at *8 (D. Neb. Mar. 7, 2005).

In *A.J. by L.B. v. Kierst*, 56 F.3d 849 (8th Cir. 1995), juvenile pretrial detainees filed a class action pursuant to 42 U.S.C. §§ 1983 and 1988 to challenge the constitutionality of certain policies, practices, and conditions at a juvenile justice center. When the plaintiffs' counsel sought to interview class members regarding the conditions of confinement, the district court denied their request on the grounds that the class members were already represented by counsel in their criminal cases, and they were free to raise issues regarding conditions of confinement on their own. The Court subsequently ordered plaintiffs to exhaust other resources and demonstrate a compelling need for the communication with the class members. While the United States Court of Appeals

3

held that the district court's order restricting access did not prejudice the plaintiffs on the issues appealed, the Court discussed at length a plaintiffs' counsel's right to communicate with potential class members. Specifically, the Court stated that it could not be disputed that "the court's conditions on communications between counsel and class members 'created at least potential difficulties for [plaintiffs] as they sought to vindicate the legal rights of [the juveniles]'" *Id.* at 857 (citing *Gulf Oil*, 452 U.S. at 101.). The Court found that the district court abused its discretion in placing conditions on communications between plaintiffs' counsel and class members.

Like the plaintiffs' counsel in *Kierst*, Plaintiffs' counsel in the case at bar seek to communicate with the Putative Class concerning the conditions at Metro West in the wake of the COVID-19 pandemic. Counsel for Defendants has taken the position that Plaintiffs' counsel may not communicate with the Putative Class because the class members are currently represented by counsel in their individual criminal matters. However, as set forth by the *Kierst* court, Defendants are wrong. Restricting communication with the Putative Class in any manner hinders Plaintiffs' counsel's ability to gather the facts needed to adequately represent the Putative Class and their legal rights.

For these reasons, the Court should enter an order directing that Plaintiffs' counsel may communicate with the Putative Class.

> B. Plaintiffs' counsel may communicate with the Putative Class because they are not represented by counsel with regards to the issues at bar.

Florida State Bar Rule 4-4.2 governs communications with a person represented by counsel. While Rule 4-4.2 prohibits a lawyer from communicating about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, Comments to the Rule note that the Rule does not prohibit communication with a represented person concerning matters outside the representation. FL ST BAR Rule 4-4.2. As stated,

Plaintiffs' counsel in the case at bar seek to communicate with the Putative Class concerning the conditions at Metro West in the wake of the COVID-19 pandemic. This subject matter is separate from any criminal matter in which the individuals in the Putative Class may be separately represented. For this reason, the Court should enter an order directing that Plaintiffs' counsel may communicate with the Putative Class.

>    PLAINTIFFS ARE ENTITLED TO A PROTECTIVE ORDER AGAINST RECORDING OF CONVERSATIONS BETWEEN PLAINTIFFS' INVESTIGATORS AND MEMBERS OF THE PUTATIVE CLASS.

   A. The good cause standard generally.

Federal Rule of Civil Procedure 26(c) "allows the issuance of a protective order if 'good cause' is shown. Good cause "generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 356 (11th Cir. 1987). The Eleventh Circuit has identified four factors to consider in determining the existence of good cause: "'[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order.'" *Kleiner v. First National Bank of Atlanta,* 751 F.2d 1193, 1205 (11th Cir. 1985).

In addition to "good cause," courts in this Circuit must also "balance the interests of those requesting the order." *McCarthy v. Barnett Bank of Polk Cty.*, 876 F. 2d 89, 91 (11th Cir. 1989); *see also*, *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985)). "This standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Tribune Co.*, 263 F.3d at 1313 (citing *Farnsworth,* 758 F.2d at 1548).

   B. Communications between Plaintiffs' investigators and members of the Putative Class constitute work product.

5

The work product doctrine, which originated in *Hickman v Taylor*, 329 U.S. 495 (1947) and was later incorporated into Rule 26(b)(3) of the Federal Rules of Civil Procedure, states that a party generally may not discover or compel disclosure of materials "prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)" *See* Fed. R. Civ. P. 26(b)(3). It is well-established that an investigator's interview of a witness conducted to gather information related to the subject matter of the litigation constitutes as attorney work product. "A witness statement taken by a party's attorney or agent in anticipation of litigation is protected work product." *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 644 (S.D. Fla. 2011) (holding that written records of witness statements were protected work product where there was no suggestion in the record of a non-litigation purpose for taking these statements). Moreover, the U.S. Supreme Court has held that investigators relied upon by an attorney to compile materials in preparation for trial are agents of the attorney. *See*, *U.S. v. Nobles*, 422 U.S. 225, 238 (1975) (The "reality is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney.")

Based on the foregoing, Plaintiffs can show good cause why the communications between Plaintiffs' investigators and members of the Putative Class covered by the work product doctrine and should therefore not be permitted to be recorded by Defendants.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court enter an Order declaring that Plaintiffs' counsel is permitted to communicate with members of the Putative Class. Additionally, Plaintiffs request that the Court enter a protective order prohibiting Defendants from

recording conversations between Plaintiffs' investigators and members of the Putative Class. Lastly, Plaintiffs further ask that the Court enter such other relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to S.D. Fla. L. R. 7.1(a)(3), the undersigned hereby certifies that on April 15th, counsel for Plaintiffs communicated with Defendants' counsel regarding the subject matter of this Motion and counsel for Defendants stated that they did not agree with Plaintiffs' counsel's interpretation of the case law or with the relief requested herein.

Dated: April 17th, 2020                     Respectfully submitted,

*/s/ Lida Rodriguez-Taseff*
Lida Rodriguez-Taseff, Fla. Bar No. 39111
lida.rodriguez-taseff@dlapiper.com
DLA Piper LLP (US)
200 South Biscayne Blvd., Ste 2500
Miami, Florida 33131
Tel.: (305) 423.8525

R. Quinn Smith, Fla. Bar No. 59523
quinn.smith@gstllp.com
Katherine Alena Sanoja, Fla. Bar No. 99137
katherine.sanoja@gstllp.com
GST LLP
1111 Brickell Avenue, Suite 2715
Miami, Florida 33131
Tel: (305) 856-7723

Meena Jagannath, Fla. Bar No. 102684
meena@communityjusticeproject.com
COMMUNITY JUSTICE PROJECT
3000 Biscayne Blvd. Ste 106
Miami, Florida 33137
Tel: (305) 907-7697

Maya Ragsdale, Fla. Bar No.: 1015395
maya@dreamdefenders.org
DREAM DEFENDERS
6161 NW 9thAve.

7

Miami, Florida 33127
Tel: 786-309-2217

Alexandria Twinem, D.C. Bar No. 1644851
*(Admitted Pro Hac Vice 4/6/2020)*
alexandria@civilrightscorps.org
Katherine Hubbard, DC Bar No. 1500503
*(Admitted Pro Hac Vice 4/6/2020)*
katherine@civilrightscorps.org
Alec Karakatsanis
alec@civilrightscorps.org
*(Pro Hac Vice Admission Pending)*
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Ste. 800
Washington, DC 2009
Tel: (202) 894-6126

Tiffany Yang, DC Bar. No. 230836
tyang@advancementproject.org
*(Admitted Pro Hac Vice 4/6/2020)*
Thomas B. Harvey, MO Bar. No. 61734
*(Admitted Pro Hac Vice 4/6/2020)*
tharvey@advacementproject.org
ADVANCEMENT PROJECT
1220 L Street NW, Ste 850
Washington, DC 20005
Tel: (202) 728-9557

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of April, 2020 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court U.S. District Court, Southern District of Florida, using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Lida Rodriguez-Taseff*
Lida Rodriguez-Taseff
DLA Piper LLP (US)