UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:20-cv-21457-KMW

ANTHONY SWAIN, *et al.*,

    Plaintiffs,

v.

DANIEL JUNIOR, *et al.*,

    Defendants.

                            /

## ORDER DENYING DEFENDANTS' EMERGENCY MOTION TO STAY

**THIS MATTER** is before the Court on Defendants' emergency motion to stay the preliminary injunction entered on April 29, 2020. (DE 102). This Court must consider four factors when deciding whether to stay an injunction pending appeal: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies." *Democratic Exec. Committee of Fla. v. Lee*, 915 F.3d 1312, 1317 (11th Cir. 2019) (*citing Nken v. Holder*, 556 U.S. 418, 434 (2009)). "Considering that this test is so similar to that applied when considering a preliminary injunction, courts rarely stay a preliminary injunction pending appeal." *Florida Democratic Party v. Detzner*, 2016 WL 6090943, at *9 (N.D. Fla. Oct. 16, 2016) (concluding that no "exceptional circumstances" justified staying preliminary injunction).

Because Defendants' motion fails to demonstrate that they are likely to succeed on the merits or that they will be irreparably harmed absent a stay,[1] there is no basis for the Court to stay the preliminary injunction order. And, for the reasons stated in the preliminary injunction order

---

[1] Defendants have represented that they have "already implemented, and ha[ve] consistently maintained in place, all of the measures ordered by this Court." (DE 67 at 27). Thus, Defendants cannot show they will be harmed by the narrow preliminary injunction order, which significantly mirrors the measures Defendants maintain are already in place at Metro West. *See Robinson v. Harris*, No. 20-11401-B (11th Cir. Apr. 23, 2020) ("The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.") (quoting *Ne. Fla. Ch. of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990)).

1

(DE 100), the Court finds that Plaintiffs will be substantially injured absent a preliminary injunction and that the preliminary injunction serves the public interest.

Accordingly, based upon the Court's review of the emergency motion, Plaintiffs' response, the entire record, and relevant case law, it is **ORDERED and ADJUDGED** that the motion (DE 102) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, this 30th day of April, 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE