UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANTHONY SWAIN, et al., individually and
on behalf of all others similarly situated,

    Plaintiffs,

        v.

Case No.: 1:20-cv-21457-KMW

DANIEL JUNIOR, in his official capacity as
Director of the Miami-Dade Corrections and
Rehabilitation Department, et al.,

    Defendants.

_____/

**PLAINTIFF BAYARDO CRUZ'S REPLY IN SUPPORT OF MOTION FOR
RELEASE ON BAIL PENDING REVIEW OF CLASS ACTION HABEAS PETITION**

Plaintiff Bayardo Cruz seeks a relatively limited remedy from this Court: in light of his medical vulnerability and the outbreak of COVID-19 at Metro West that has already claimed one life, allow him to continue to be detained pretrial—for the offense of driving with a suspended driver's license due to unpaid court debts—on house arrest, where he will be at significantly lower risk of a painful illness, permanent physical damage, and death. This Court has jurisdiction to decide the motion, which is based on a legal claim wholly separate from the claim on which the Court entered a preliminary injunction, and Mr. Cruz has satisfied the requirements to be granted bail pending habeas.

**I.**     **The Court Has Jurisdiction to Hear This Case.**

Defendants' threshold jurisdictional argument—that this Court cannot proceed because "the Bail Motion relied upon the preliminary injunction order's findings of deliberate indifference," ECF 115 at 5—misunderstands the legal precedent on interlocutory appeals. Neither an appeal of, nor a stay of, a preliminary injunction divest this Court of jurisdiction over deciding other motions related to the merits of this case.

"[A]n interlocutory appeal does not completely divest the district court of jurisdiction." *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003); 11A Wright & Miller, Federal Practice and Procedure § 2962 ("An appeal from the grant or denial

of a preliminary injunction does not divest the trial court of jurisdiction or prevent it from taking other steps in the litigation while the appeal is pending."). Rather, an appeal of a district court's preliminary injunction *only* divests the district court of jurisdiction to enforce or alter that preliminary injunction. *See* Fed. R. Civ. P. 62(c); *Resolution Trust Corp. v. Smith*, 53 F.3d 72, 76 (5th Cir. 1995); *see also Moltan Co. v. Eagle-Picher Industries, Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995) (interlocutory appeal from the district court's order preliminarily injunction did not divest the district court of jurisdiction to continue with the merits of litigation while the appeal from its interlocutory ruling was pending); *Janousek v. Doyle*, 313 F.2d 916, 921 (8th Cir. 1963) (district court had jurisdiction to dismiss an action while an appeal was pending from the denial of plaintiff's motion for a temporary injunction). Indeed, it is commonplace for district courts to render final merits decisions while an appeal of a preliminary injunction is pending. *See, e.g.*, *Heron Dev. Corp. v. Vacation Tours, Inc.*, 763 F. App'x 875, 876 (11th Cir. 2019) (recognizing district court's ability to allow amended complaint and rule on motion to dismiss while appeal of preliminary injunction was pending).

Likewise, an order staying a preliminary injunction pending appeal does not divest a district court of authority to rule on other matters in the case. *See* 11A Wright & Miller, Federal Practice and Procedure § 2962 (recognizing that only a complete stay of lower court proceedings prevents a district court from ruling during pendency of appeal); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Stidham*, 658 F.2d 1098, 1100 & n.4 (5th Cir. Unit B Oct. 15, 1981) (recognizing district court's power to rule on permanent injunction even while preliminary injunction was stayed pending appeal).[1] Nothing short of a complete stay of proceedings divests a district court to decide other motions, particularly in a fast-moving case like this, where the relevant facts are constantly evolving. Motions are thus only beyond the district court's jurisdiction if a ruling on the motion would directly "alter[] the status of the case as it rests before the Court of Appeals." *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990); *see also Green Leaf Nursery*, 341 F.3d at 1309 (similar). This is a high bar, and the Eleventh Circuit has only found a court divested of jurisdiction to rule on a separate motion where that decision would

---

[1] Federal Rule of Civil Procedure 62(g) recognizes that appellate courts possess both the right to "stay proceedings . . . while an appeal is pending" and the right to, alternatively, "suspend, modify, restore, or grant an injunction" while the appeal is pending. Here, Defendants acknowledge that they only requested, and were only granted, a stay of the injunction rather than a stay of all litigation in this Court. *See* ECF 115 at 3;

fundamentally change the question pending before the Court of Appeals. *See Green Leaf Nursery*, 341 F.3d at 1309 (holding that district court could not grant leave to amend complaint to delete claims that were the subject of pending appeal but could rule on other motions not directly related to appeal); *Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001) (holding that district court lacked jurisdiction to enter class certification order when issue on appeal was whether court exceeded its authority by granting relief without certifying a class). And although Defendants repeatedly assert that this Court lacks jurisdiction to decide any issues "related" to the issue on appeal, this novel suggestion has no basis in case law. To the contrary, it is only when the district court would alter the *very judgment* on appeal or alter the case in a way that would prevent the Court of Appeals from ruling on the question presented that a court exceeds its jurisdiction.[2]

No such concerns are implicated here. Plaintiff Cruz's motion does not in any way affect the Court's preliminary injunction opinion, which is what is currently before the Eleventh Circuit. Nor would this Court's ruling be akin to enforcing the preliminary injunction—indeed, Plaintiff Cruz's motion is based on his claim under 28 U.S.C. § 2241 and this Court's inherent equitable discretion, which is an *entirely separate claim* from the § 1983 claim on which this Court granted a preliminary injunction. *See* ECF 100 at 44-49 (denying classwide relief under § 2241 before granting preliminary injunction under § 1983). Defendants do not disagree: They do not argue that this Court's ruling would in some way undermine or alter the case before the Eleventh Circuit. Instead, they argue the exact opposite—that the Eleventh Circuit's decision on deliberate indifference might inform any decision this Court makes because this Court must find deliberate indifference. ECF 115 at 3-4. But that is not the standard. And given the emergency nature of this case and its rapidly changing facts, this Court should decide the freestanding motions before it because the necessity of taking action during the pandemic to reduce the jail population is measured in days, not months.

What's more, this Court can now make factual findings on deliberate indifference in the context of this motion that it declined to make in granting the motion for preliminary injunction.

---

[2] Based on Defendants' own logic, this Court would be without jurisdiction to rule on their motion to dismiss because this Court's ruling would decide questions "related to" Plaintiffs' claims and this Court's legal rulings in its preliminary injunction order. But that is incorrect: no part of the merits of this case is before the Eleventh Circuit. The only subject of the appeal is a preliminary injunction order that is legally distinct from any merits determination this Court makes.

The Eleventh Circuit credited Defendants' affidavits regarding policies it adopted because this Court "accepted as true that the defendants implemented these measures . . . and did not resolve any factual disputes in favor of the plaintiffs." Stay Order at 3, *Swain v. Junior*, No. 20-11622-C (11th Cir. May 5, 2020). But as this Court recognized in its opinion, Plaintiffs have adduced substantial evidence in the form of interlocking and corroborating declarations that Defendants have consistently, knowingly failed to ensure its policies are *actually* implemented in any meaningful way. *See* ECF 100 at 12-19. This constitutes deliberate indifference and poses a significant impending risk to Plaintiff Cruz, who is particularly vulnerable to serious illness, organ damage, and death if he contracts COVID-19. Not only is social distancing impossible, but the risk of the virus spreading is exacerbated by Defendants' deliberate indifference with respect to other basic protective hygiene measures.

This Court further has before it sufficient *new* evidence of deliberate indifference to warrant granting Plaintiff Cruz's motion that was not before it when it ruled on the motion for preliminary injunction. Specifically, there is now overwhelming and unrebutted evidence in the record that a Metro West inmate, Charles Hobbs, died at the jail as a result of gross medical neglect after testing positive for COVID-19. *See* ECF 109-1 (Arrington Decl.) ¶¶ 5-14; ECF 109-2 (Garcia Decl.) ¶¶ 7-16; ECF 122-1 (King Decl.). The evidence demonstrates that for days, nurses witnessed Mr. Hobbs having a fever and being too weak to move, yet they declined to treat him or even take him to the medical clinic. ECF 109-1 ¶¶ 6-8. And even after Hobbs had been seen by medical staff, he was returned to the general population rather than being sent to a hospital or receiving treatment. ECF 109-1 ¶ 9. When Mr. Hobbs finally succumbed to his condition, stopped breathing, and died, guards refused to come to check on him, and when a different guard eventually fulfilled the bare minimum duty of responding to inmates' repeated pleas that someone needed medical attention, he spent minutes poking him with a walkie talkie before finally treating the situation as a medical emergency. ECF 109-2 ¶¶ 9-16; Ex. 1 to Reply in Support of Mot. for Three-Judge Panel (Marinho Decl.) ¶¶ 22-29; Ex. 2 to Reply in Support of Mot. for Three-Judge Panel (Brown Decl.) ¶¶ 12-19; Ex. 3 to Reply in Support of Mot. for Three-Judge Panel (Benn Decl.) ¶¶ 10-16.[3] This unchallenged

---

[3] These declarations demonstrate other evidence of deliberate indifference unrelated to Mr. Hobbs's death, as well. One declarant with a fever was given nothing more than a Tylenol before being returned to the general population—days later, when he was finally tested for COVID-19, he tested positive. Marinho Decl. ¶¶ 6-12; *see also* Brown Decl. ¶¶ 8-10. While in the COVID-positive cell, he was unable to socially distance and often had no soap. Marinho Decl. ¶¶ 16-18.

4

evidence, if credited, unquestionably constitutes deliberate indifference and warrants immediate relief for Plaintiff Cruz. This evidence demonstrates that the unacceptable risk of contracting COVID-19 at Metro West is further compounded by an unreasonable risk that Cruz will be subjected to unconstitutionally inadequate medical care once he is COVID-positive. For a medically vulnerable person, these facts are tantamount to a death sentence. Immediately relief is therefore warranted based on these undisputed facts alone.

## II.     Bayardo Cruz Is Entitled to Immediate Release

Plaintiff Cruz has already explained at length why he is entitled to bail pending habeas. ECF 109 at 2-6. Defendants largely do not challenge these arguments and instead focus on why his motion is procedurally improper. It is not.

### A.     Reconsideration of this Court's Classwide Decision Is Unnecessary, or Alternatively, Warranted

Defendants argue that Plaintiff Cruz seeks "reconsideration" of this Court's denial of classwide habeas relief pursuant to § 2241. ECF 115 at 10-11. But Mr. Cruz seeks no such thing. Instead, he argues that this Court's classwide decision is inapplicable to the specific facts of his case, and therefore, this Court should make a ruling specific to his circumstances. *See* ECF 109 at 3 (arguing that the Court's conclusion about available state remedies is inapplicable to Mr. Cruz, "for whom there are no state court remedies to exhaust"). Mr. Cruz is entitled to relief because he did not fail to exhaust state remedies—no such remedies exist for him. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490 (1973) (requiring only that a § 2241 petitioner exhaust "*available* state remedies"). And the general availability of state process for *some* class members thus is no answer to his constitutional challenge to his current confinement in a jail that poses an unreasonable risk of serious harm to him. Moreover, this Court made clear in its initial ruling on Plaintiffs' habeas claim that habeas relief remained viable and the Court would "revisit[]" its ruling as circumstances "evolve[d] over time." ECF 100 at 47 n.24.

And Defendants do not seriously challenge the unavailability of such remedies. They gesture vaguely in a footnote that Cruz "has not exhausted available state court remedies and has not challenged the constitutionality of the state law that prevents his release on bail in state court." ECF 115 at 14 n.6. Defendants have not identified *what* process was available to Plaintiff Cruz.

---

And although he has tested positive for COVID-19 and experienced serious symptoms, he has not been seen by a doctor or received any medical treatment beyond temperature checks and blood pressure tests. *Id.* ¶ 20; *see also* Benn Decl. ¶¶ 4-7.

Plaintiffs have demonstrated that no such process exists for an individual like Cruz, and this was confirmed by Judge Sayfie when she testified to this Court.[4] Defendants' vague suggestion that *some* state process might exist does not meet their burden to raise an affirmative defense.

Even if Defendants were correct that Plaintiff Cruz seeks "reconsideration" of this Court's order denying relief under § 2241, reconsideration would be warranted *as to him*. "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *FTC v. Dluca*, 2018 WL 6978624, at *1 (S.D. Fla. Oct. 23, 2018). Here, reconsideration is warranted as to Plaintiff Cruz based on both the need to correct clear error and the availability of new evidence.

First, the Court's opinion declining, at least initially, to enter relief under § 2241 rested on the fact that Plaintiffs had not "made a 'clear showing' that they have exhausted their available state court remedies." ECF 100 at 47. But as explained above, that ruling simply does not apply to a narrow set of individuals, like Plaintiff Cruz, who have no available state process to exhaust. And Plaintiff Cruz, who is currently detained *only* for a violation of probation by driving without a valid license (a license which was suspended due to inability to pay court costs), is entitled to bail pending consideration of his § 2241 petition because it cannot be said that there is any other countervailing public interest in keeping him detained.

Second, new evidence has become available. A person detained at Metro West died as a result of callous disregard exhibited by the jail. Defendants ignore this unrebutted testimony of clear deliberate indifference and suggest that Mr. Hobbs's death is only an "'additional' fact" that "is not new evidence supporting Cruz's case for release." ECF 115 at 11. But the undisputed circumstances under which Mr. Hobbs died demonstrate the profound risks to those like Plaintiff Cruz who may contract COVID-19 while at Metro West and the deliberate indifference with which Defendants are treating such detained individuals. If Mr. Cruz contracts COVID-19, he will be placed in the same cell for COVID-positive inmates in which Mr. Hobbs died,[5] where he will

---

[4] Judge Sayfie testified explicitly that the state court processes she oversees are unavailable for individuals (like Cruz) who are detained as VOSCs. The transcript of this testimony has not yet been made available, and Plaintiffs will file a notice with citation to the appropriate portion of this testimony when the transcript is available.

[5] All COVID-positive individuals at Metro West are currently kept in the same cell, 2C3, together. *See* ECF 109-2 ¶¶ 3-5; Marinho Decl. ¶ 14; Brown Decl. ¶ 5; Benn Decl. ¶ 2.

likely never see a doctor; receive no treatment from nurses, even if he has a fever and can barely move; and where guards are either too frightened to get near those detained or think their medical emergencies are "not [the guards'] problem," ECF 109-2 ¶ 10; Brown Decl. ¶ 14. And his risk of contracting COVID-19 is high: one named plaintiff, Anthony Swain, has not only tested positive for COVID-19 but required hospitalization as a result of his symptoms. *See* ECF 116. Under these extreme circumstances, Plaintiff Cruz should be released on bail while the Court considers his § 2241 petition, including any unresolved questions about the availability of state process.

### B. Bail Is Warranted in This Case

Defendants also argue that Plaintiff Cruz does not meet the standard for granting bail pending habeas. Defendants recognize that bail pending habeas is appropriate where there is a "likelihood of success on the merits of a substantial constitutional claim"; and b) "extraordinary and exceptional" circumstances exist which makes "the grant of bail necessary to preserve the effectiveness of the habeas relief sought." *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990). Both criteria are satisfied with respect to Mr. Cruz.

First, Mr. Cruz is likely to succeed on the merits of his substantial constitutional claim that Defendants are deliberately indifferent to an unreasonable risk of serious illness. Defendants' only challenge to his likelihood of success is to reiterate their argument that habeas is not an appropriate remedy for a conditions-of-confinement claim. As this Court has already recognized, the Eleventh Circuit's holding in *Gomez* "strongly implies that had no facility been able to treat Gomez as constitutionally required, he may have been entitled to habeas relief." ECF 100 at 47. A motions panel of the Sixth Circuit, which has previously held that habeas is inappropriate relief for a conditions-of-confinement claim,[6] has recently recognized that § 2241 *is* available to incarcerated people challenging their continued confinement during the COVID-19 pandemic. The Sixth Circuit concluded that inmates at an Ohio prison "seek release for the subclass not because the conditions of their confinement fail to prevent irreparable constitutional injury . . . , but based on the fact of their confinement," and that such a claim constitutes a "proper invocation of § 2241." Order at 4, *Wilson v. Williams*, No. 20-3447 (6th Cir. May 4, 2020), ECF No. 23-2. This Court should follow the guidance of the Sixth Circuit, particularly given the similarity between the Sixth and Eleventh Circuits' underlying case law regarding the use of habeas for conditions-of-

---

[6] *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (holding that section 2241 "is not the proper vehicle for a prisoner to challenge conditions of confinement").

confinement cases. Certainly, nothing in Defendants' recitation of the same lines from *Gomez* about the *general* applicability of habeas to conditions-of-confinement claims undermines the persuasiveness of the Sixth Circuit's reasoning.[7]

Second, the ongoing COVID-19 pandemic, its rapid spread through Metro West, and the continued deliberately indifferent response of Defendants that has allowed the disease to spread and resulted in one death already, all constitute extraordinary circumstances that warrant immediate relief to "preserve the effectiveness of the habeas relief sought." *Gomez*, 899 F.2d at 1125. Defendants' vague suggestion that these circumstances are not "so extraordinary and exceptional" as to warrant relief (ECF 115 at 13) so utterly blinks reality that it does not warrant a serious response.[8] People at Metro West are getting seriously ill, and they are dying. And Defendants and their employees are not even taking the bare minimum action necessary to minimize this risk or treat those who are ill. Immediate release is warranted before Mr. Cruz meets the same fate that has befallen others under Defendants' care.

Nor is Defendants' appeal to comity and federalism (ECF 115 at 13) a sufficient basis to deny bail pending habeas. The general concern about the balance of power between state and federal courts must give way in the face of the serious risk of death that Mr. Cruz faces. That is particularly so here, where concerns about federalism and comity are at their low. Mr. Cruz is not detained at Metro West pursuant to a state conviction and sentence. Nor does his petition for release challenge the validity of any state conviction or sentence. *Contra Wilson v. Secretary, Dep't of Corrections*, 2016 WL 10891523, at *2 (M.D. Fla. Dec. 15, 2016) (recognizing that a petition brought pursuant to 28 U.S.C. § 2254 that challenges a state conviction raises "federalism and comity" concerns). Indeed, as Judge Sayfie testified, the state courts *cannot* consider release

---

[7] The only new case cited by Defendants, *Cook v. Hanberry*, 596 F.2d 658 (5th Cir. 1979), does not compel a different result. There, a federal inmate argued that he was entitled to release because he had been subjected to cruel treatment by guards at a previous facility in which he had been incarcerated. The Fifth Circuit reached the uncontroversial conclusion that the only relief to which he could be entitled would be for guards to *stop* mistreating him. *Id.* at 659. The petitioner there made no claim that he could not be incarcerated *anywhere* consistent with the Constitution as Plaintiffs do in this case.

[8] Defendants' response reflects their ongoing refusal to recognize the seriousness of the risk COVID-19 represents to the people detained at Metro West and their belief that they can maintain business-as-usual at the jail. This Court has already expressed serious concern about this attitude, which further corroborates a finding of deliberate indifference.

for Mr. Cruz or others who have been designated as VOSCs. This Court thus owes no deference to a state-court judgment that does not exist and cannot be made under Florida law.

## CONCLUSION

The Court should grant Plaintiff Cruz's motion and release him on bail pending a final determination on his petition for writ of habeas corpus under 28 U.S.C. § 2241.

Dated:  May 18, 2020

Respectfully submitted,

*/s/ Alexandria Twinem*
Alexandria Twinem, D.C. Bar No. 1644851
*(Admitted Pro Hac Vice 4/6/2020)*
alexandria@civilrightscorps.org
Katherine Hubbard, DC Bar No. 1500503
*(Admitted Pro Hac Vice 4/6/2020)*
katherine@civilrightscorps.org
Alec Karakatsanis
alec@civilrightscorps.org
*(Pro Hac Vice Admission Pending)*
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Ste. 800
Washington, DC 2009
Tel: (202) 894-6126

R. Quinn Smith, Fla. Bar No. 59523
quinn.smith@gstllp.com
Katherine Alena Sanoja, Fla. Bar No. 99137
katherine.sanoja@gstllp.com
GST LLP
1111 Brickell Avenue, Suite 2715
Miami, Florida 33131
Tel: (305) 856-7723

Meena Jagannath, Fla. Bar No. 102684
meena@communityjusticeproject.com
COMMUNITY JUSTICE PROJECT
3000 Biscayne Blvd. Ste 106
Miami, Florida 33137
Tel: (305) 907-7697

Maya Ragsdale, Fla. Bar No.: 1015395
maya@dreamdefenders.org
DREAM DEFENDERS
6161 NW 9thAve.

Miami, Florida 33127
Tel: 786-309-2217

Tiffany Yang, DC Bar. No. 230836
tyang@advancementproject.org
*(Admitted Pro Hac Vice 4/6/2020)*
Thomas B. Harvey, MO Bar. No. 61734
*(Admitted Pro Hac Vice 4/6/2020)*
tharvey@advacementproject.org
ADVANCEMENT PROJECT
1220 L Street NW, Ste 850
Washington, DC 20005
Tel: (202) 728-9557

Lida Rodriguez-Taseff
Florida Bar No. 39111
DLA Piper LLP (US)
200 South Biscayne Blvd., Ste 2500
Miami, Florida 33131
Tel.: (305) 423.8525
lida.rodriguez-taseff@dlapiper.com
Secondary Email: dawn.perez@dlapiper.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 18th day of May, 2020 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court U.S. District Court, Southern District of Florida, using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Alexandria Twinem*
Alexandria Twinem
